IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**NAIMA NASIROVA,**

        **Plaintiff**

v.                                                   CA. NO. 21-11050

**SYNCHRONY BANK**

        **Defendant**

## COMPLAINT

### INTRODUCTION

This is an action for actual, statutory and punitive damages, costs and attorney's fees brought by the plaintiff, Naima Nasirova, a victim of identity theft, for violations of the Federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 *et seq.*, the federal and state Truth in Lending Act ("TILA"), 15 U.S.C. §1601 *et seq*. and M.G.L. c. 140D and M.G.L. c. 93A.

### JURISDICTION

1. The jurisdiction of this Court is conferred by 15 U.S.C. §1681p and 28 U.S.C. §1331 and supplemental jurisdiction pursuant to 28 U.S.C. §1367. Venue is proper as all relevant events occurred in this District and Plaintiff resides here.

### PARTIES

2. Plaintiff, Naima Nasirova, is a natural person and resident of the State of Massachusetts.

3. Upon information and belief, Synchrony Bank is an issuer of credit cards doing business in the State of Massachusetts.

### FACTS

4. Ms. Nasirova is an innocent victim of credit card fraud.

5. In July 2020 she learned for the first time that her estranged husband had opened one or more Synchrony Bank credit cards in her name without her consent after they were separated.

6. An examination of her credit report showed multiple account reviews by Synchrony Bank and three separate accounts in her name as follows:

- Synchrony/B & H Photo opened 7/22/19
- Synchrony/Guitar Center opened 3/8/19
- Synchrony/Sweetwater Sound opened 3/8/19

7. Ms. Nasirova has never requested or applied for a credit card from Synchrony Bank and did not open these three accounts.

8. Ms. Nasirova immediately called Synchrony Bank to report the fraudulent accounts.

9. She was told they would investigate but she never heard anything back.

10. She then disputed the accounts to all three credit bureaus.  Some of the accounts were deleted but Equifax and later Trans Union continued to show an open account with Synchrony/Guitar Center with a new account number.  It appears that Synchrony Bank simply changed the number of the Guitar Center account but kept reporting it despite Ms. Nasirova's dispute.

11. She received statements from Synchrony Bank with this new account number in late 2020.

12. Having received no response from Synchrony Bank to her first dispute, Ms. Nasirova called again in January 2021 to reiterate her dispute.  The representative said she was reopening the investigation and stated that the original application was submitted online.

13. Ms. Nasirova faxed a police report and ID Theft Affidavit to Synchrony Bank a total of three times in January and early February and also sent copies by certified mail but was repeatedly told by Synchrony Bank representatives that they had not been received.

14. Ms. Nasirova also received a flurry of letters from Synchrony Bank referencing both the account numbers for the Guitar Center account. Some were collection letters and some referenced the fraud investigation.

15. In February Synchrony Bank sent a statement with yet another new account number which showed a balance transfer on 2/9/21 from the previous Guitar Center account.

16. On March 18, 2021 Ms. Nasirova again called Synchrony Bank for an update and was told that the Guitar Center account was still in her name despite her having sent her id theft information at least four times. The representative also told her that the account may have been opened in person, contradicting the earlier information about it having been opened online.

17. Synchrony Bank has continued to review Ms. Nasirova's credit reports. Her Trans Union reports show account reviews on July 23, 2020, August 10, 2020, January 27, 2021 and February 18, 2021.

18. On April 7, 2021, through counsel, Ms. Nasirova sent Synchrony Bank a demand pursuant to M.G.L. c. 93A, §9 via certified mail, return receipt requested.

19. Synchrony Bank received the demand on April 12, 2021.

20. In mid-May Ms. Nasirova received a letter from Synchrony Bank at her home addressed to her estranged husband stating that the account at issue was being shut down and that he had been cleared of all responsibility. The letter said nothing about Ms. Nasirova's liability on the account and did not reference the c. 93A demand letter.

21. Synchrony Bank refused or failed to make any reasonable offer of settlement in response to the c. 93A letter.

22. As a result of the actions of Synchrony Bank, Plaintiff has been subjected to collection activity and credit reporting on these fraud accounts, has had her most private credit information accessed by Synchrony Bank without any permissible purpose, has been given conflicting and

misleading information by Synchrony Bank regarding how the account was opened, has incurred charges in connection with disputing, has had to devote a great deal of time to repeatedly conveying the same disputes to Synchrony Bank and has suffered anxiety and frustration.

### COUNT ONE:  VIOLATION OF THE FEDERAL AND STATE TRUTH-IN-LENDING ACTS, 15 U.S.C. §1601 *et seq*. and M.G.L. c. 140D *et seq.* ("TILA")

23. The Plaintiff realleges and incorporates the preceding paragraphs as if fully set out herein.

24. The substantive provisions of the Massachusetts version of TILA, M.G.L. c. 140D, are virtually identical to the federal law and the two laws (and the body of case law interpreting them) are treated essentially as one.  *See, e.g. Bizier v. Globe Financial Services, Inc.*, 654 F.2d 1, 2 (1st Cir. 1981).

25. Synchrony Bank issued one or more credit cards in Ms. Nasirova's name without a request or application by her in violation of 15 U.S.C. §1642 and M.G.L. c. 140D.

26. After initially opening the account without consent, Synchrony Bank simply changed the account number on the Guitar Center account repeatedly and transferred the balance when Ms. Nasirova disputed.

27. The credit was primarily for personal, family or household purposes.

28. Ms. Nasirova repeatedly gave Synchrony Bank notice of the identity theft.

29. Nonetheless, Synchrony Bank continued to hold Ms. Nasirova liable for the account.

30. As a result of the actions of Synchrony Bank, Plaintiff has been subjected to collection activity and credit reporting on these fraud accounts, has had her most private credit information accessed by Synchrony Bank without any permissible purpose, has been given conflicting and misleading information by Synchrony Bank regarding how the account was opened, has incurred

charges in connection with disputing, has had to devote a great deal of time to repeatedly conveying the same disputes to Synchrony Bank and has suffered anxiety and frustration.

31. As such, Ms. Nasirova is entitled to statutory and actual damages and attorneys' fees and costs pursuant to 15 U.S.C. §1640 and M.G.L. c. 140D, §32, and to any other relief this Court finds just and appropriate.

## COUNT TWO:  VIOLATION OF M.G.L. C. 93A

32. The Plaintiff realleges and incorporates the preceding paragraphs as if fully set out herein.

33. As detailed above, Synchrony Bank has violated M.G.L. c. 93A, §2.

34. A violation of M.G.L. c. 140D is a *per se* violation of. c. 93A.  M.G.L. c. 140D, §34.

35. The conduct of Synchrony Bank was willful or knowing within the meaning of M.G.L. c. 93A, §9.

36. As a result of the actions of Synchrony Bank, Plaintiff has been subjected to collection activity and credit reporting on these fraud accounts, has had her most private credit information accessed by Synchrony Bank without any permissible purpose, has been given conflicting and misleading information by Synchrony Bank regarding how the account was opened, has incurred charges in connection with disputing, has had to devote a great deal of time to repeatedly conveying the same disputes to Synchrony Bank and has suffered anxiety and frustration.

37. Synchrony Bank's refusal to grant relief upon demand was in bad faith, with knowledge or reason to know that the acts or practices complained of violated M.G.L. c. 93A, §2.

38. As a result of the above violations of state law, Synchrony Bank is liable to Ms. Nasirova in the sum of her actual damages, doubled or trebled, statutory damages, and attorney's fees and costs.

## COUNT THREE: VIOLATION OF FAIR CREDIT REPORTING ACT

**15 U.S.C. §1681b(f)**

39. The Plaintiff realleges and incorporates the preceding paragraphs as if fully set out herein.

40. On multiple occasions, Synchrony Bank obtained and/or used Ms. Nasirova's credit report without a permissible purpose in violation of 15 U.S.C. §1681b(f).

41. As a result of the conduct, actions and inactions of Synchrony Bank, the Plaintiff suffered actual damages including, without limitation, a serious breach of her privacy, and had her most personal credit information compromised.

42. Obtaining a report without a permissible purpose constitutes an invasion of a legally protected interest in the confidentiality of the Plaintiff's sensitive personal information. The harm may be intangible, but it is very real and concrete.

43. Plaintiff has suffered a concrete injury in fact that is directly traceable to Synchrony Bank's conduct and is likely to be redressed by a favorable decision in this action.

44. The prohibition on impermissible credit "pulls" is also a substantive provision, not procedural, in that it is a direct protection for the privacy of the Plaintiff's information.

45. Accessing a consumer report without a permissible purpose would be similar to several common law torts that fall under the umbrella of invasion of privacy, such as the public disclosure of private facts or intrusion upon seclusion (in this case, intrusion on financial information).

46. Synchrony Bank's conduct, action and inaction were willful, rendering Synchrony Bank liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Synchrony Bank was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

47. The Plaintiff is entitled to recover actual damages, punitive damages, statutory

damages, costs and attorney's fees from Synchrony Bank in an amount to be determined by the Court pursuant to 15 U.S.C. §§1681n and o.

WHEREFORE, Plaintiff demands judgment for actual, statutory, and punitive damages against Defendants; for his attorneys' fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable and proper.

**TRIAL BY JURY IS DEMANDED**.

Respectfully submitted,

**Naima Nasirova,**
By her attorney:

/s/Elizabeth A. Miller
Elizabeth A. Miller
BBO #559347
176 Federal St., 5th Floor
Boston, MA 02110
617-478-4914
elizabethamiller@comcast.net

Date:  June 25, 2021